UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

   - against -

OSIRIS CASTRO,

                   Defendant.

------------------------------------X

10 Cr. 711 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

On November 28, 2011, Osiris Castro ("Castro" or "Defendant") pleaded guilty to one count of possession of a controlled substance, in violation of 21 U.S.C. § 844. For the reasons set forth below, Castro will be sentenced to a term of probation of nine months.

**Prior Proceedings**

On August 11, 2010, Indictment 10 Crim. 711(RWS) was filed in the Southern District of New York. A Superseding Misdemeanor Information was filed on November 28, 2011. The Superseding Misdemeanor Information charges that in or about June 2010, in the Southern District of New York, Castro

1

intentionally and knowingly did possess a controlled substance, which was not obtained directly or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or as otherwise authorized by law, to wit, Castro possessed oxycodone, commonly known as "OxyContin," a Schedule II controlled substance, in violation of 21 U.S.C. § 844(a).

On November 28, 2011, Castro appeared before the Honorable Gabriel W. Gorenstein and entered a plea of guilty as charged.

Castro's sentencing is currently scheduled for April 12, 2012.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the

2

sentence to be imposed here is the result of a consideration of:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed —

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct;

        (C)    to protect the public from further crimes of the defendant; and

        (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the kinds of sentence and the sentencing range established for —

        (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

    (5)    any pertinent policy statement . . . [issued by the Sentencing Commission];

    (6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether

that sentence is a so-called Guidelines sentence or not. See
Crosby, 397 F.3d at 114-15.

**The Defendant**

Pursuant to the Court's order dated February 23, 2012, the Defendant waived her right to a Presentence Report (PSR). The Court has received a Sentencing Memorandum submitted by the Defendant's counsel, a section of which describes the Defendant's background. This description of the Defendant's background and family history has been considered in deciding sentence.

**The Offense Conduct**

The following description draws from the Sentencing Memorandum submitted by defense counsel.

In mid-2010, Castro lost her job as a cashier at a beauty salon. Her grandmother was in a hospital in the Dominican Republic and needed money for medical care. To earn money, Castro agreed to find some oxycodone for an individual who turned out to be a government informant. Castro engaged in

two hand-to-hand sales, and, in total, Castro sold the cooperating witness 110 pills. According to the Defendant, the government informant berated Castro for not being able to provide more pills.

Following the second sale, Castro became uncomfortable with continuing her illegal conduct, so she stopped answering the cooperating witness' phone calls. A month later, Castro was arrested. In total, the Defendant made $250 for the two sales.

**The Relevant Statutory Provisions**

Pursuant to 21 U.S.C. § 844, the maximum term of imprisonment is one year, assuming the defendant has committed no prior offense under that statute.

If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than one year, pursuant to 18 U.S.C. § 3583(b)(3).

The Defendant is eligible for probation of a term of not more than five years, pursuant to 18 U.S.C. § 3561(c)(2).

5

Pursuant to 21 U.S.C. § 844, the Defendant shall be fined a minimum of $1,000, assuming the Defendant has committed no prior offense under this statute.

Pursuant to 18 U.S.C. § 3607, if a person found guilty of an offense described in section 404 of the Controlled Substances Act, 21 U.S.C. § 844, has not, prior to the commission of such offense, been convicted of violating a federal or state law relating to controlled substances, and has not previously been the subject of a disposition under 18 U.S.C. § 3607, the Court may, with the consent of the Defendant, place the Defendant on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of her probation, the Court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge the Defendant from probation. At the expiration of the term of probation, if the person has not violated a condition of her probation, the Court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge the Defendant from probation.

## The Factors of 18 U.S.C. § 3553(a)

This Court gives due consideration to the factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered all of the factors set forth in § 3553(a), it is determined that a sentence imposed pursuant to 18 U.S.C. § 3607 is warranted in the instant case.

Castro's offense consists of two hand-to-hand sales of 110 pills of oxycodone. The Defendant, who did not conspire to obtain these pills illegally from a doctor's office or obtain them via violent means, sold the drugs to a government informant, who turned the pills over to the authorities. As such, the impact of Castro's offense in the community is minimal. In addition, Castro stopped her unlawful conduct before any law enforcement intervention or knowledge of possible

7

arrest. Today, Castro is holding a job and is enrolled in GED training classes. She has no criminal history.

**The Sentence**

For the instant offense, Castro will be sentenced to a nine-month term of probation.

As mandatory conditions of her probation, Cruz shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the Probation Officer. In addition, Cruz shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug testing within 15 days of placement on probation and at least two unscheduled drug tests thereafter, as directed by the Probation Officer. The standard conditions of supervision (1-13), set forth in the judgment, shall be imposed.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for April 12, 2012.

It is so ordered.

New York, NY
April 9, 2012

ROBERT W. SWEET
U.S.D.J.